# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* Estate of HELEN M. PAYEA.

NORMAN C. PAYEA II,

       Petitioner-Appellant,

v

GEORGE R. PHILLIPS, Personal Representative
of the Estate of HELEN M. PAYEA,

       Respondent-Appellee,

and

RICHARD P. PAYEA,

       Appellee.

UNPUBLISHED
April 12, 2016

No. 325391
Iosco Probate Court
LC No. 12-002605-DA

Before: BOONSTRA, P.J., and WILDER and METER, JJ.

PER CURIAM.

Appellant appeals as of right from an order of the probate court denying his petition to compel return of funds and to appoint him as special personal representative of the decedent's estate. We affirm.

Appellant and appellee Richard Payea are the sons of the decedent, who died on January 4, 2011. The decedent's will named them co-personal representatives of the estate. On November 27, 2012, appellant was appointed the personal representative of the estate. Thereafter, appellee Payea filed three petitions seeking removal of appellant as personal representative, probate of the decedent's will, and supervised administration. On May 9, 2013, appellant and appellee Payea stipulated to an order admitting the will to probate, adjourning appellee Payea's petitions indefinitely, and allowing appellant to continue as personal representative of the estate. Subsequently, appellee Payea renewed his petition to remove appellant as the personal representative. Appellant was removed, and appellee George Phillips was appointed as the new personal representative. On November 3, 2014, appellant filed his petition to compel return of funds, which the probate court denied.

-1-

Appellant argues that the probate court improperly ruled on his petition to compel return of funds at a pretrial hearing, without giving him proper notice. Appellant did not raise this issue below, so review is for plain error affecting substantial rights. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008).

During the pretrial hearing on November 17, 2014, appellant, through his attorney, initiated the discussion on his petition to compel the return of funds. Counsel argued that the limitations period was going to expire on December 17 and that he needed to have appellant appointed as a special representative in order to bring the claim. Counsel stated that appellant would be "a special plaintiff" and "he's the only logical person to bring [the claim]." Counsel stated that "[s]omething has to be done before . . . December 17, either what's been done has to be ratified and affirmed for that purpose, or something needs to be re-filed and then [appellant], either [appellant] is appointed as special P.R. for limited purposes of bringing this claim, or he's not. If he's not, then I think it's over." The following was stated:

> *The court*: . . . I guess where we're at right now, [appellant's attorney is] asking me to make some sort of decision on, I guess it would be on the petition to compel the return of assets and the undue influence claim. Which invokes the, or creates within it a statute of limitations issue.

> * * *

> *The court*: [Counsel], . . . are you asking me for, I guess, what are you asking me, the court regarding the petition?

> *Appellant's attorney*: Two things basically. One[,] recognize [appellant] as the real party and [sic] interest on this claim and appoint him special fiduciary for the sole purpose of bringing the claim. And two, recognize the petition that has already been filed as satisfying or tolling the statute of limitations, which then precludes us having to repackage it, re-file it and everybody having to re-answer it. With that, [appellant] can have his day in court on January 28.

The attorney was pressing the court to make a decision on the petition he had filed, despite the fact, as appellant notes in his appellate brief, that the hearing was scheduled as a "pretrial conference." The court proceeded to make that decision, stating that it would not appoint appellant a personal representative "for the purposes of chasing this claim . . . ." When asked at the end of the hearing if he had "[a]nything else," counsel replied, "[n]o thanks." Essentially, counsel asked for a ruling and it got that ruling. "[E]rror requiring reversal may only be predicated on the trial court's actions and not upon alleged error to which the aggrieved party contributed by plan or negligence." *Lewis v LeGrow*, 258 Mich App 175, 210; 670 NW2d 675 (2003). Accordingly, we find no basis for reversal.

For this same reason we reject appellant's argument that he was denied the opportunity to pursue his claim through an evidentiary hearing when the court ruled at the pretrial hearing.

Appellant also argues that the probate court improperly dismissed his petition because he filed his witness and exhibit lists three days late. Appellant's argument is misplaced because,

while the trial court mentioned an "*arguably* tardy witness list" (emphasis added) during arguments and in its written ruling made an unclear reference to appellant's "failure to follow the [s]cheduling [o]rder,"[1] the trial court simply did not state that it was dismissing the petition because of the late filing of the lists. The trial court's written order stated that the petition was denied "for reasons stated on the record . . . ." The court stated the following in dismissing appellant's petition:

> I think the personal representative has done an extremely professional job in gathering and marshalling the assets and doing things that need to be done. Has provided benefit to both of the Payea brothers and it does not seem that either one would be inclined to do that for the other. And as far as the statute of limitations goes the court is not inclined to toll that. I think that the parties have had ample time to bring their claims and settle their scores and as I stated at our last hearing this matter needs to be resolved and therefore the petition is denied and the appointment of Norman is denied. I think the laches argument, even though we didn't get into it today[,] certainly applies to somebody who served as personal representative for the length of time that Norman did. . . . I'm not going to grant the petition or appoint Norman special personal representative for the purposes of chasing this claim, which the person that I think has the best grip on the facts and the assets and who has done a really remarkable job as personal representative indicates to me that he doesn't believe it's in the best interest of the estate. Therefore, it's denied.

Appellant's argument is unavailing.[2]

---

[1] We note that the scheduling order encompassed items other than witness lists; for example, it stated that claims regarding the estate were to be filed by November 3, 2014.

[2] At any rate, we note that, in the relevant scheduling order, the court ordered the parties to file their witness and exhibit lists by November 3, 2014. It also ordered that witness lists contain "names, addresses, phone numbers, and a summary of the testimony in sufficient detail so as to provide sufficient detail to the other party . . . ." Appellant did not file his witness list or exhibit list until November 6, 2014. The witness list specifically identified 29 persons, but only provided addresses for 11 of them and phone numbers for nine (including both appellant and appellee Payea). In addition, the witness list was devoid of any summary of the witnesses' proposed testimony, leaving appellees in the position of having to guess what they might offer of relevance.

Further, appellant's amended witness list also omitted addresses and phone numbers for 15 of the 25 specifically listed witnesses. As for summaries of the proposed testimony, the summaries of 14 of the 25 witnesses were set forth largely in the following generic format:

> . . . testimony will support Petitioner's allegations of Decedent's condition prior to her death, that Richard Payea was in a fiduciary relationship with the

Appellant argues that the court erred in ruling that his petition be dismissed because of his failure to bring his petition during his tenure as personal representative. Appellant emphasizes that he was only the personal representative for 8 1/2 months. "This Court reviews the probate court's factual findings for clear error and its dispositional rulings for an abuse of discretion. *In re Lundy Estate*, 291 Mich App 347, 352; 804 NW2d 773 (2011). It is true that the court noted that "the laches argument . . . certainly applies to somebody who served as personal representative for the length of time Norman did." However, this statement must be read in context. What appellee Phillips argued before the court's ruling was that appellant had failed to raise his claim until almost four years following the decedent's death. "Now if this was a real claim," he argued, "where they had real something [sic] to be concerned about, why wasn't this done in the first year, or the second year, or even the third year? But now, it's almost four years and we're talking about a last minute [effort]." Thus, the court was essentially noting appellant's tenure as personal representative in the context of the 22 months that had passed before he was appointed. Once again, we find no basis for reversal.

Affirmed.

/s/ Mark T. Boonstra
/s/ Kurtis T. Wilder
/s/ Patrick M. Meter

---

Decedent, and that Richard received certain financial benefits from the Decedent and property of the Estate which form the basis of Petitioner's claims of undue influence and conversion.

-4-